Judge Logan
delivered the opinion of the court.
The plaintiffs declared in trover for twenty barrels of flour, and recovered a verdict for $21. And the defendant having obtained a new trial, they exceptad, spreading on record the evidence upon which it was awarded. And now, as the defendant succeeded on the second trial, they bring the question before this court as to the propriety of grant? ing a new trial.
It appears that the defendant a subpoena in the hands a sheriff to execute; that the sheriff was taken sick and without executing the subpmna; that it was not until the day before the trial that he was informed the witnesses Lad trot been summoned; and that on the morning of the trial, wishing to be ready, he went himself in quest of the witnesses, but, with the utmost diligence, was unable to reach court before the cause was tried. And proceeded th *335 State as the fact the defendant expected to prove, that there had been other barrels of flour floating on the river at the same time with those of the plaintiff’s.
The application for a new trial •should shew a defence rs well as dii-gence, and when granted will not be disturbed, though the court above do uot clearly perceive the efficacy of the de-fence; particularly it the verdict on the second trial is with the party procuring the new trial.
Bibb for appellant, Hardin for appellee.
It is not clearly pereeived in what manner the evidence detailed was expected*to be material to the defendant.
That it might, however, have been material, and its bearing perceived by the court, before whom the cause was tried, is by no means improbable. And surely, every reason-sble and probable inference, favorable to the opinion of the Court below, in cases depending so essentially upon circumstances, which sometimes are impossible to present, in their full and true light, ought to be indulged. The substance of the proof should be stated, which the applicant expects to produce, in order that the court may perceive whether it is relevant, and will furnish proper matter for the consideration of the jury. As if in the present case it should appear that there had been various barrels of flour floating on the rivef, belonging to different persons, and that, although the defendant had taken and converted some to his own use, that he expected to prove that such of them belonged to other persons, and not to the plaintiffs, of which the jury were the proper judges, and the weight of the circumstances ought properly to rest with them, where the party was guilty of no laches which might prevent the benefit thereof. That there was not such neglect in this case, we think was satisfactorily shewn. And that the judgment ought not, therefore, upon the last verdict, to be disturbed. It must fee affirmed with cost.